The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability company; JOHNSON & JOHNSON, a New Jersey corporation; and JOHNSON & JOHNSON CONSUMER INC., a Delaware corporation, | No. 2:23-cv-00331-JLR |
| Plaintiffs, | [PROPOSED] AMENDED TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, SUBSTITUTE CUSTODIAN ORDER, AND ORDER TO SHOW CAUSE BRINGING ON MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| SUMEET MARKETING INC., a New York corporation; OAR REALTY GROUP LLC, a New York limited liability company; AMIT PAWA, an individual; RAJA SINGH, an individual; OPKAR SINGH, an individual; and DOES 1-10, | [FILED UNDER SEAL] |
| Defendants. | |

Upon the Complaint herein and the exhibits annexed thereto, upon the declarations and the Memorandum submitted in support of the prior motion for the relief sought herein and this Motion, it is hereby:

ORDERED that Defendants show cause before this Court at Courtroom 14106, United States District Courthouse, 700 Stewart Street, Seattle, Washington, on the __4th__ day of __April__ ~~March,~~ 2023 at __10:00__ a .m., or as soon thereafter as counsel can be heard, why a preliminary injunction, pursuant to Fed. R. Civ. P. 65, should not be issued enjoining Defendants, their agents,

ORDER TO SHOW CAUSE - 1
(Case No. 2:23-CV-00331-JLR)

servants, employees, officers, and all persons in active concert and participation with them, pending the final hearing and determination of this action:

1. From using Johnson & Johnson's federally registered trademarks, including but not limited to following registered trademarks (the "Johnson & Johnson Federally Registered Trademarks"):

| Mark | Registration No. (International Classes) |
|------|------------------------------------------|
| TYLENOL | 890,360 (IC 5) |
|  | 5,391,243 (IC 5) |

2. From possessing, receiving, manufacturing, distributing, advertising, promoting, returning, offering for sale or otherwise disposing of in any manner, holding for sale or selling any goods including, but not limited to, labels, tags, logos, decals, signs, and other forms of markings, any packaging, wrappers, pouches, containers, cartons, blister packs, and receptacles, and any catalogs, price lists, promotional materials and the like bearing a copy or colorable imitation of the Johnson & Johnson Federally Registered Trademarks;

3. From using any logo, trade name, or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of Defendants are sponsored by, authorized by, or in any way associated with Johnson & Johnson and Johnson & Johnson Consumer Inc. ("JJCI");

4. From infringing the Johnson & Johnson Federally Registered Trademarks;

5.    From falsely representing themselves as being connected with Johnson & Johnson or JJCI or sponsored by or associated with Johnson & Johnson or JJCI;

6.    From using any reproduction, counterfeit, copy, or colorable imitation of the Johnson & Johnson Federally Registered Trademarks in connection with the publicity, promotion, sale, or advertising of goods sold by Defendants including, but not limited to, labels, tags, logos, decals, signs, and other forms of markings, any packaging, wrappers, pouches, containers, cartons, blister packs, and receptacles, and any catalogs, price lists, promotional materials and the like bearing a copy or colorable imitation of the Johnson & Johnson Federally Registered Trademarks;

7.    From affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent such goods as being those of Johnson & Johnson or JJCI and from offering such goods in commerce;

8.    From using any trademark or trade name in connection with the sale of any goods which may be calculated to falsely represent such goods as being connected with, approved by or sponsored by Johnson & Johnson or JJCI; and

9.    From destroying, altering, disposing of, concealing, tampering with or in any manner secreting any and all business records, invoices, correspondence, text messages, emails, other electronic communications, photographs, bank records, cancelled checks, wire transfers, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receiving, acquisition, importation, purchase, sale or offer for sale, or distribution of any goods bearing the Johnson & Johnson Federally Registered Trademarks, including all records identifying other persons involved in such activities, whether such information is stored in a written, electronic, or computerized form; and it is further

ORDER TO SHOW CAUSE - 3
(Case No. 2:23-CV-00331-JLR)

ORDERED that pending the hearing and determination of Johnson & Johnson's and JJCI's motion for preliminary injunction, Defendants, their agents, servants, employees, officers, and all other persons in active concert or participation with them, be and hereby are temporarily restrained and enjoined from in any manner, either directly or indirectly, committing any of the acts set forth above which are sought to be enjoined by Johnson & Johnson and JJCI; and it is further

ORDERED, that the United States Marshal for the Eastern District of New York, or a local law enforcement officer having jurisdiction (hereinafter jointly referred to as "Federal/Local Law Enforcement"), assisted by one or more attorneys or agents of Johnson & Johnson or JJCI, including but not limited to UnitedLex, Johnson & Johnson and JJCI's document and electronic services vendor, (jointly or severally referred to as "Johnson & Johnson's Representatives"), is directed to seize and sequester or impound from 110 Brook Avenue, Suites A, B, and C, Deer Park, New York 11729 (including but not limited to any area within the location where there is reasonable cause to believe that counterfeits of Johnson & Johnson's and JJCI's goods are sold, offered for sale, distributed, assembled, manufactured or stored, including any vehicles in reasonable proximity to the location in the possession, custody, or control of Defendants) the following in the possession, custody or control of Defendants:

1.     All goods bearing any copy or counterfeit of the Johnson & Johnson Federally Registered Trademarks, including but not limited to those marks identified in Exhibit A to the Complaint, or any markings substantially indistinguishable therefrom;

2.     All labels, tags, logos, decals, signs, and other forms of markings, any packaging, wrappers, pouches, containers, cartons, blister packs, and receptacles, and any catalogs, price lists, promotional materials and the like bearing any copy or counterfeit of the Johnson & Johnson Federally Registered Trademarks, including but not limited to those marks identified in Exhibit A

to the Complaint, or any markings substantially indistinguishable therefrom, and all plates, molds, dies, tooling, machinery, assembly equipment and other means of making the same; and

3.      Any equipment and supplies used to manufacture, assemble, label, or package any goods bearing the Johnson & Johnson Federally Registered Trademarks, including but not limited to those marks identified in Exhibit A to the Complaint, or any markings substantially indistinguishable therefrom, including all plates, molds, dies, tooling, machinery, assembly equipment and other means of making the same.

4.      All business records, hard-copy or electronic, including but not limited to invoices, correspondence, emails, text messages, instant messages, photographs, bank records, cancelled checks, wire transfers, books of accounts, receipts, relating to:

a.      Defendants' acquisition, sourcing, manufacture, receipt, advertisement, promotion, sale, and distribution of goods bearing the aforesaid trademarks either by reference to such trademarks or lot number or otherwise; and,

b.      Defendants' manufacture, receipt and sale of any labels, tags, logos, decals, signs, and other forms of markings, any packaging, wrappers, pouches, containers, cartons, blister packs, and receptacles, and any catalogs, price lists, promotional materials and the like bearing the aforesaid trademarks, either by reference to such trademarks or lot number or otherwise; and it is further

ORDERED, that upon receipt of this Order, Federal/Local Law Enforcement, with the assistance of Johnson & Johnson's Representatives, is authorized and directed to take any and all necessary actions, including but not limited to, the use of reasonable force, and the right to enter and remain on the premises, which includes, but is not limited to, the land, the buildings, vehicles and any structures located thereon, for the purpose of executing this Order and to inspect the

ORDER TO SHOW CAUSE - 5
(Case No. 2:23-CV-00331-JLR)

contents of any rooms, closets, cabinets, safes, vehicles, containers, desks, electronic storage devices, computer drives, desktop computers, laptop computers, tablets, or documents located on the premises or any storage rooms located within the same complex as the premises, as well as the cellular or smartphones of any Defendant; and it is further

ORDERED that Defendants, their agents, servants, employees, officers, and all other persons in active concert or participation with them shall provide Federal/Local Law Enforcement and Johnson & Johnson's Representatives with access (including providing all necessary keys and codes) to inspect the contents of any rooms, closets, cabinets, safes, vehicles, containers, desks, or documents located on the premises or any storage rooms located within the same complex as the premises; and it is further

ORDERED that Defendants, their agents, servants, employees, officers, and all other persons in active concert or participation with them shall provide Federal/Local Law Enforcement and Johnson & Johnson's Representatives with access (including providing all necessary URLs, domain names, logins, usernames, passwords, codes, multi-factor or other authentication codes or tokens) to inspect, scan, copy, image, and/or review all electronic storage devices, computer drives, desktop computers, laptop computers, tablets, and any cellular or smart phones of any Defendant as well as any and all emails, computer files, electronic documents, or other electronic items, including but not limited to those maintained in any internet portals, cloud-based storage, or other offsite computer or electronic storage such as email accounts with any cloud-based email providers (e.g., Gmail, Outlook 365, etc) for the business records authorized to be seized under this Order in section 4 above; and it is further

ORDERED, that immediately upon receipt of this Order, Defendants shall provide to Johnson & Johnson's Representatives a summary document or documents identifying the

location(s) of any of the goods or materials which are authorized to be seized pursuant to this Order; and it is further

ORDERED that Federal/Local Law Enforcement is further authorized and directed to arrest from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in anyway with the execution of this Order; and it is further

ORDERED that Johnson & Johnson or JJCI provide in advance a deposit to Federal/Local Law Enforcement of any and all estimated fees and costs, as determined by Federal/Local Law Enforcement; and it is further

ORDERED that Johnson & Johnson or JJCI shall provide a person or persons capable of determining whether or not an item is covered by the preceding paragraphs, and Federal/Local Law Enforcement shall follow such person or persons' determination in the seizure; and it is further

ORDERED that Federal/Local Law Enforcement shall transfer possession of all such seized goods and materials, whether in physical or electronic form, to Johnson & Johnson's Representatives at a secure facility as substitute custodians for the Court, upon their authorized signature on behalf of Johnson & Johnson and JJCI on all proper receipts, pending further order of this Court; and it is further

ORDERED that Johnson & Johnson's Representatives shall promptly inspect the items seized, and if any items are found to be genuine products, such items are to be returned to Defendants within seven (7) business days of the date this Order is executed; and it is further

ORDERED that Defendants show cause before this Court on the date and place set forth above, or as soon thereafter as counsel can be heard, why an order should not be entered, pursuant

to 15 U.S.C. § 1116(d)(l)(A), Fed. R. Civ. P. 65(b) and the common law of trademark, confirming the seizure authorized herein; and it is further

ORDERED that while Johnson & Johnson's counsel or its agents may review and copy any records as authorized by this Order, they may not disclose any trade secrets or other confidential or privileged information contained in such records to any Plaintiff or any other person pending the hearing of Johnson & Johnson and JJCI's motion to confirm the seizure authorized herein and the issuance of a protective order mutually agreed to by Plaintiffs and Defendants; and it is further

ORDERED that the search, seizure and sequestration ordered hereinabove may be photographed and/or videotaped for the purpose of authenticating and assisting in the obtaining of evidence and to prevent subsequent controversy concerning the events occurring during such search, seizure and sequestration and/or impoundment; and it is further

ORDERED that Defendants provide Johnson & Johnson and JJCI with copies of all business records, invoices, correspondence, text messages, emails, other electronic communications, photographs, bank records, cancelled checks, wire transfers, books of account, receipts or other documentation, which have not already been seized and sequestered concerning the manufacture, receipt and sale of labels, tags, logos, decals, signs, and other forms of markings, any packaging, wrappers, pouches, containers, cartons, blister packs, and receptacles, and any catalogs, price lists, promotional materials bearing the Johnson & Johnson Federally Registered Trademarks including discovery of the source thereof, the creation of such trademarks, the quantity of goods bearing such trademarks ordered or manufactured, in inventory and sold by Defendants, and other matters relevant to this action and that such copies shall be served upon Johnson & Johnson and JJCI's counsel, Baker & Hostetler LLP, 999 Third Avenue, Suite 3900, Seattle,

Washington 98104, Attn: Douglas A. Grady, Esq., no later than three (3) days prior to the show cause hearing scheduled herein; and it is further

ORDERED that immediately upon receipt of this Order, Defendants shall disclose to Johnson & Johnson's Representatives the following information concerning the manufacture, receipt and sale of labels, tags, logos, decals, signs, and other forms of markings, any packaging, wrappers, pouches, containers, cartons, blister packs, and receptacles, and any catalogs, price lists, promotional materials bearing the Johnson & Johnson Federally Registered Trademarks:

1. Price and quantity of the foregoing goods and materials purchased by Defendants;

2. Lot numbers of any and all products, genuine or otherwise, bearing the Johnson & Johnson Federally Registered Trademarks;

3. Contact information, including names, physical addresses, email addresses, and telephone numbers of all individuals and companies from which Defendant purchased the foregoing goods and materials such that Johnson & Johnson's Representatives may contact those individuals and/or companies to locate and quarantine additional counterfeits and obtain evidence thereof;

and it is further

ORDERED that a bond to be posted by Johnson & Johnson or JJCI in the amount of $100,000 is deemed sufficient as security for the payment of such costs and damages as may be incurred or suffered by any party who is subsequently found to be wrongfully enjoined or restrained hereby, or as a result of a wrongful seizure and/or impoundment or wrongfully attempted seizure and/or impoundment; and it is further

ORDERED that service of the Summons and Complaint, of this Order, and Johnson & Johnson's Counsel's Declaration in support of this Order may be made on Defendants by leaving

copies of the same at the locations specified above or by hand-delivering a copy of the same to individuals at the locations specified above during the execution of this seizure order, and that such service shall be deemed sufficient service; and it is further

ORDERED that service of the documents referenced in the prior Paragraph shall be completed, either in accordance with the prior Paragraph or the Federal Rules of Civil Procedure, within one week of the date of this Order; and it is further

ORDERED that Defendants may seek relief prior to the hearing to show cause scheduled above; and it is further

ORDERED that copies of the documents filed in this action in support of this Order, but not served, be furnished to Defendants or their counsel upon request; and it is further

ORDERED that Defendants' answering papers, if any, be personally filed with this Court and personally served upon Baker & Hostetler LLP, 999 Third Avenue, Suite 3900, Seattle, Washington 98104, Attn: Douglas A. Grady, Esq., counsel for Johnson & Johnson and JJCI, on or before two days prior to the show cause hearing scheduled herein; and it is further

ORDERED that upon the execution of this Order, Johnson & Johnson's Representatives shall prepare and sign, and Federal/Local Law Enforcement shall confirm and sign, an inventory of all items seized pursuant to this order, noting, *inter alia*, the date and location of each seizure, and a brief description of all items seized, and that Federal/Local Law Enforcement file a return to this Court of this Order with a copy of the pertinent above-described inventory signed by Johnson & Johnson's Representatives and Federal/Local Law Enforcement; and it is further

ORDERED that Johnson & Johnson and JJCI, on behalf of themselves, their officers, employees, principals and assigns hereby release any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, arising from any and all known or unknown,

foreseen or unforeseen causes, which they may have or hereafter acquire against the United States of America and/or the State of New York whichever is involved in the execution of this Order, as well as its agencies, agents, officers, or employees, arising from the execution of this Order to the extent that the underlying acts or omissions were performed, precipitated, sanctioned or condoned by Johnson & Johnson and JJCI; and it is further

ORDERED that Federal/Local Law Enforcement is not an agent of Johnson & Johnson or JJCI when executing this Order but is instead acting under the authority and at the direction of this Court. Accordingly, Johnson & Johnson and JJCI are not responsible for any acts performed by Federal/Local Law Enforcement without its knowledge, direction, consent or control that exceed the scope and/or intent of this Order; and it is further

ORDERED that, pursuant to 15 U.S.C. § 1116(d)(5)(C), any seizures authorized under this Order shall be made within seven (7) days of the date of entry, and pursuant to Rule 65(b)(2) of the Federal Rules of Civil Procedure, all other relief authorized under this Order shall expire within fourteen (14) days of the date of the entry, unless before that time, the Court, for good cause, extends this period for an additional fourteen (14) days.

Defendants are hereby put on notice that failure to attend the show cause hearing scheduled herein may result in the confirmation of the seizure authorized herein and the immediate issuance of the preliminary injunction, which may be deemed to take effect immediately upon the expiration or dissolution of the order herein, and shall extend during the pendency of this suit the same injunctive relief previously granted by the order. Defendants are hereby further notified that they may be deemed to have actual notice of the issuance and terms of such preliminary injunction, and that any act by them in violation of any of its terms may be considered and prosecuted as contempt of this Court.

ORDER TO SHOW CAUSE - 11
(Case No. 2:23-CV-00331-JLR)

The Court has granted the foregoing Orders without prior written or oral notice to Defendants for the reasons set forth below:

a.      The entry of any order other than a seizure order without notice will not serve to adequately achieve the objectives underlying the Trademark Counterfeiting Act and the common law of trademark infringement;

b.      Plaintiffs have not publicized its proposed seizure;

c.      Johnson & Johnson and JJCI have given the United States Attorney for this District notice of Johnson & Johnson's application for a seizure order without notice pursuant to 15 U.S.C. § 1116(d)(2);

d.      Johnson & Johnson is likely to succeed in showing that Defendants have used a counterfeit mark in connection with the sale, offering for sale or distribution of goods or services;

e.      Johnson & Johnson and JJCI will incur immediate and irreparable harm if this Court declines to grant a seizure and/or impoundment order without notice;

f.      The matters subject to said seizure order will be located at: 110 Brook Avenue, Suites A, B, and C, Deer Park, New York 11729;

g.      The harm to Johnson & Johnson and JJCI should this Court decline to grant Johnson & Johnson's and JJCI's motion for a seizure order without notice outweighs any harm which Defendants may incur in the event this Court grants Johnson & Johnson's and JJCI's motion for a seizure and impoundment order; and

h.      Defendants, or persons acting in concert with them, would likely destroy, move, hide or otherwise make inaccessible to the Court the matters which are subject to the proposed seizure orders if Johnson & Johnson and JJCI are required to proceed on notice.

Dated this 21st day of March, 2023
            at Seattle, Washington

ISSUED: 9:00 a.m.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

ORDER TO SHOW CAUSE - 13
(Case No. 2:23-CV-00331-JLR)

Presented by:

BAKER & HOSTETLER LLP

Douglas Anderson Grady, WSBA No. 36,100
  email: dgrady@bakerlaw.com
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
T: 206.332.1380

Robertson D. Beckerlegge (*Pro Hac Vice* Pending)
  email: rbeckerlegge@bakerlaw.com
Heather J. McDonald (*Pro Hac Vice* pending)
  email: hmcdonald@bakerlaw.com
Kevin M. Wallace(*Pro Hac Vice* Pending)
  email: kwallace@bakerlaw.com
45 Rockefeller Plaza
New York, NY 10111-0100
T: 212.589.4209

*Attorneys for Plaintiffs Johnson & Johnson,
Johnson & Johnson Consumer Inc.*