THE HONORABLE JAMES L. ROBART



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability company; JOHNSON & JOHNSON, a New Jersey corporation; and JOHNSON & JOHNSON CONSUMER INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>SUMEET MARKETING INC., a New York corporation; OAR REALTY GROUP LLC, a New York limited liability company; AMIT PAWA, an individual; RAJA SINGH, an individual; OPKAR SINGH, an individual; and DOES 1-10,<br><br>Defendants. | No. 2:23-cv-00331-JLR<br><br>[~~PROPOSED~~] **PRELIMINARY INJUNCTION & CONTINUED SEALING ORDER**<br><br>**FILED UNDER SEAL** |

THIS MATTER was commenced by Johnson & Johnson and Johnson & Johnson Consumer Inc., (collectively, the "J&J Plaintiffs") and by Amazon.com, Inc. and Amazon.com Services, LLC. on March 7, 2023 against Defendants Sumeet Marketing Inc., OAR Realty Group LLC, Amit Pawa, Raja Singh, Opkar Singh (collectively, the "Named Defendants") and Does 1-10 alleging trademark counterfeiting, trademark infringement, trademark dilution, false designation of origin and false advertising, unfair competition, and breach of contract and copies of the Summons, Complaint, Amended Seizure Order, and Declaration of Counsel having been

[~~PROPOSED~~] PRELIMINARY INJUNCTION &
CONTINUED SEALING ORDER - 1
(Case No. 2:23-CV-00331-JLR)

served upon Raja Singh, Sumeet Marketing Inc. and OAR Realty Group LLC during the civil seizure at 110 Brook Avenue, Suite A, Deer Park, NY 11729 on March 22, 2023 and copies of the Summons and Complaint having been personally served upon Amit Pawa and Opkar Singh on March 28, 2023;

It appearing to the Court that it has jurisdiction over the subject matter of this action, over plaintiffs, and over the Named Defendants;

The Court having considered the Complaint and the exhibits thereto, Plaintiffs' Order To Show Cause and accompanying papers, <u>and the Named Defendants having stated at the hearing on this motion on April 18, 2023, that they do not object to entry of this order</u> ~~failing to appear at the hearing on April 4, 2023 after receiving notice of the same on March 22, 2023~~ [JLR]; and



It further appears that the Named Defendants are, *inter alia*, counterfeiting and infringing the Johnson & Johnson Federally Registered Trademarks (defined *infra*), in violation of 15 U.S.C. § 1114 *et seq.* and will continue to counterfeit and infringe the Johnson & Johnson Federally Registered Trademarks unless restrained by Order of this Court.

Accordingly, the Court concludes as a matter of law:

1. This Court has jurisdiction over the subject matter of all counts of this action and over all the parties hereto;

2. The J&J Plaintiffs have established a *prima facie* case of ownership of the Johnson & Johnson Federally Registered Trademarks;

3. The J&J Plaintiffs are likely to prevail on the merits of this action in showing that the Named Defendants are counterfeiting and infringing the Johnson & Johnson Federally Registered Trademarks in violation of 15 U.S.C. § 1114 *et seq.*;

4. The Named Defendants' actions have caused and will continue to cause immediate and irreparable harm, loss, and damage before a full trial on the merits can be held, in that monetary compensation will not afford adequate relief to the J&J Plaintiffs, and any successors or assigns, for the Named Defendants' continuing acts of counterfeiting and trademark infringement;

[~~PROPOSED~~] PRELIMINARY INJUNCTION &
CONTINUED SEALING ORDER - 2
(Case No. 2:23-CV-00331-JLR)

5.  The harm to the J&J Plaintiffs, and any successors or assigns, from the denial of this request for a Preliminary Injunction would outweigh the harm to the legitimate interests of the Named Defendants against whom the Order would be issued and to any third parties; and

6.  The public interest would best be served by granting this Preliminary Injunction prior to a full trial on the merits or a default judgment against the Named Defendants.

NOW THEREFORE, it is hereby ORDERED as follows that:

1.  The Named Defendants, their agents, servants, employees, officers, and all persons in active concert and participation with them are hereby restrained and enjoined, pending termination of this action:

   a.  From using Johnson & Johnson's federally registered trademarks, including but not limited to following registered trademarks (the "Johnson & Johnson Federally Registered Trademarks"):

| **Mark** | **Registration No. (International Classes)** |
|---|---|
| TYLENOL | 890,360 (IC 5) |
| TYLENOL (Heritage of Care History of Relief seal) | 5,391,243 (IC 5) |

   b.  From possessing, receiving, manufacturing, distributing, advertising, promoting, returning, offering for sale or otherwise disposing of in any manner, holding for sale or selling any goods including, but not limited to, labels, tags, logos, decals, signs, and other forms of markings, any packaging, wrappers, pouches, containers, cartons, blister packs, and receptacles, and any catalogs, price lists, promotional materials and the like bearing a copy or colorable imitation of the Johnson & Johnson Federally Registered Trademarks;

[PROPOSED] PRELIMINARY INJUNCTION &
CONTINUED SEALING ORDER - 3
(Case No. 2:23-CV-00331-JLR)

  c. From using any logo, trade name, or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of the Named Defendants are sponsored by, authorized by, or in any way associated with the J&J Plaintiffs and any successors or assigns;

  d. From infringing the Johnson & Johnson Federally Registered Trademarks;

  e. From falsely representing themselves as being connected with Johnson & Johnson or JJCI or sponsored by or associated with Johnson & Johnson or JJCI, or any successors or assigns;

  f. From using any reproduction, counterfeit, copy, or colorable imitation of the Johnson & Johnson Federally Registered Trademarks in connection with the publicity, promotion, sale, or advertising of goods sold by the Named Defendants including, but not limited to, labels, tags, logos, decals, signs, and other forms of markings, any packaging, wrappers, pouches, containers, cartons, blister packs, and receptacles, and any catalogs, price lists, promotional materials and the like bearing a copy or colorable imitation of the Johnson & Johnson Federally Registered Trademarks;

  g. From affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent such goods as being those of Johnson & Johnson or JJCI, or any successors or assigns, and from offering such goods in commerce;

  h. From using any trademark or trade name in connection with the sale of any goods which may be calculated to falsely represent such goods as being connected with, approved by or sponsored by Johnson & Johnson or JJCI or any successors or assigns; and

  i. From destroying, altering, disposing of, concealing, tampering with or in any manner secreting any and all business records, invoices, correspondence, text messages, emails, other electronic communications, photographs, bank records, cancelled checks, wire transfers, books of account, receipts or other documentation relating or

[~~PROPOSED~~] PRELIMINARY INJUNCTION &
CONTINUED SEALING ORDER - 4
(Case No. 2:23-CV-00331-JLR)

referring in any manner to the manufacture, advertising, receiving, acquisition, importation, purchase, sale or offer for sale, or distribution of any goods bearing the Johnson & Johnson Federally Registered Trademarks, including all records identifying other persons involved in such activities, whether such information is stored in a written, electronic, or computerized form; and it is further

2. The Named Defendants, their agents, servants, employees, officers, and all persons in active concert and participation with them are hereby restrained and enjoined from transferring, discarding, destroying, or otherwise disposing of the following currently in the possession, custody, or control of the Named Defendants:

    a. All goods bearing any copy or counterfeit of the Johnson & Johnson Federally Registered Trademarks, including but not limited to those marks identified in Exhibit A to the Complaint, or any markings substantially indistinguishable therefrom;

    b. All labels, tags, logos, decals, signs, and other forms of markings, any packaging, wrappers, pouches, containers, cartons, blister packs, and receptacles, and any catalogs, price lists, promotional materials and the like bearing any copy or counterfeit of the Johnson & Johnson Federally Registered Trademarks, including but not limited to those marks identified in Exhibit A to the Complaint, or any markings substantially indistinguishable therefrom, and all plates, molds, dies, tooling, machinery, assembly equipment and other means of making the same; and

    c. Any equipment and supplies used to manufacture, assemble, label, or package any goods bearing the Johnson & Johnson Federally Registered Trademarks, including but not limited to those marks identified in Exhibit A to the Complaint, or any markings substantially indistinguishable therefrom, including all plates, molds, dies, tooling, machinery, assembly equipment and other means of making the same.

[~~PROPOSED~~] PRELIMINARY INJUNCTION &
CONTINUED SEALING ORDER - 5
(Case No. 2:23-CV-00331-JLR)

1       d. All business records, hard-copy or electronic, including but not limited to invoices, correspondence, emails, text messages, instant messages, photographs, bank records, cancelled checks, wire transfers, books of accounts, receipts, relating to:

     i. The Named Defendants' acquisition, sourcing, manufacture, receipt, advertisement, promotion, sale, and distribution of goods bearing the aforesaid trademarks either by reference to such trademarks or lot number or otherwise; and,

     ii. The Named Defendants' manufacture, receipt and sale of any labels, tags, logos, decals, signs, and other forms of markings, any packaging, wrappers, pouches, containers, cartons, blister packs, and receptacles, and any catalogs, price lists, promotional materials and the like bearing the aforesaid trademarks, either by reference to such trademarks or lot number or otherwise; and it is further

3. The seizures outlined in the opening paragraph are hereby confirmed, and the counterfeit goods and equipment seized pursuant to the Court's March 21, 2023 Seizure Order may be destroyed after the appropriate 10 days' notice is given to the United States Attorney for the Western District of Washington, as provided for in 15 U.S.C. § 1118.

4. ~~Service of this Order by first-class mail to the Named Defendants at their home or business addresses shall constitute sufficient service of this Order. Service shall be deemed complete on the mailing of this Order.~~ [JLR] 

5. This action <u>shall</u> remain sealed in its entirety until the earlier of <u>May 4, 2023 (see Dkt. # 42)</u> ~~30 days from the date of this Order~~ [JLR] or the date the plaintiffs or all parties file a consent motion to unseal the action, and the Court finds good cause for the continued sealing of this action to fulfill the purpose of the sealing requirements of 15 U.S.C. § 1116, to prevent premature disclosure of this action to possible defendants yet to be named in this action or any other action, and to protect the public from the counterfeiting scheme alleged in the Complaint. 

[~~PROPOSED~~] PRELIMINARY INJUNCTION &
CONTINUED SEALING ORDER - 6
(Case No. 2:23-CV-00331-JLR)

Dated: April 18, 2023, at Seattle, Washington

JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

[PROPOSED] PRELIMINARY INJUNCTION &
CONTINUED SEALING ORDER - 7
(Case No. 2:23-CV-00331-JLR)

Presented by:

BAKER & HOSTETLER, LLP

Douglas Anderson Grady, WSBA No. 36,100
  email: dgrady@bakerlaw.com
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
T: (206) 332-1380

E-mail: dgrady@bakerlaw.com

Robertson D. Beckerlegge (*pro hac vice*)
  email: rbeckerlegge@bakerlaw.com
Heather J. McDonald (*pro hac vice*)
  email: hmcdonald@bakerlaw.com
Kevin M. Wallace (*pro hac vice*)
  email: kwallace@bakerlaw.com
45 Rockefeller Plaza
New York, NY 10111-0100
T: (212) 589-4209

*Attorneys for Plaintiffs Johnson & Johnson and Johnson & Johnson Consumer Inc.*