1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  AMAZON.COM INC., et al.,

                    CASE NO. C23-0331JLR

11                  Plaintiffs,

                    *SEALED*

            v.

12                                      ORDER

13  SUMEET MARKETING INC., et al.,

14                  Defendants.

## I.    INTRODUCTION

Before the court is the motion to dismiss or transfer venue filed by Defendants Sumeet Marketing Inc. ("Sumeet"), Amit Pawa, and Raja Singh (collectively, "Defendants"). (Mot. (Dkt. # 58); Reply (Dkt. # 68).[1]) Plaintiffs Amazon.com, Inc., Amazon.com Services LLC (together, "Amazon"), Johnson & Johnson, and Johnson &

---

[1] Although the docket entry for the motion indicates that it was filed on behalf of all Defendants, the motion itself only addresses the propriety of venue in this District for Plaintiffs' claims against Sumeet, Mr. Pawa, and Raja Singh. (*See* Mot. at 2-3.) The motion does not discuss Defendants OAR Realty or Okpar Singh. (*See generally id.*)

ORDER - 1

Johnson Consumer, Inc.'s ("JJCI") (collectively, "Plaintiffs") oppose Defendants' motion. (Resp. (Dkt. # 65).) The court has considered Defendants' motion, all materials filed in support of and in opposition to the motion, the relevant portions of the record, and the governing law. Being fully advised,[2] the court DENIES Defendants' motion to dismiss or transfer.

## II.    BACKGROUND

This case arises from Plaintiffs' allegations that Defendants sold Tylenol Extra Strength 50 pouches of 2 caplets each that

> contained pills manufactured by JJCI that had been repackaged in inferior, counterfeit packaging that lacks JJCI's strict safety measures, lacks relevant information regarding the product, and that fails to disclosure to consumers that the products have been repackaged by a party that is not the original manufacturer or otherwise affiliated in any way with JJCI.

(Compl. (Dkt. # 1) ¶ 1; *see also id.* ¶ 4 (describing the ways the counterfeit packaging differs from JJCI's authentic packaging).) Plaintiffs allege that Defendants sold Tylenol packaged in counterfeit packaging through Amazon selling accounts called DealsSml and ShippedFastSales. (*Id.* ¶¶ 11-14; *see* Ans. (Dkt. # 53) ¶¶ 12-14 (admitting that Defendants operated and controlled the Amazon selling accounts DealsSml and ShippedFastSales but denying that they engaged in wrongful conduct).) Based on this conduct, Plaintiffs allege claims for multiple violations of the Lanham Act, 15 U.S.C.

//

//

---

[2] Plaintiffs have requested oral argument; Defendants have not. (*See* Mot. at 1; Resp. at 1.) The court finds, however, that oral argument would not be helpful to its resolution of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 2

1 | § 1051, *et seq.*; the Washington Consumer Protection Act, ch. 19.86 RCW; and
2 | Washington common law.  (Compl. ¶¶ 86-155.)
3 |   To register a selling account in the Amazon Store, third-party sellers, such as
4 | Defendants, must first accept and agree to Amazon's Business Solutions Agreement
5 | ("BSA"), which includes the terms and conditions under which sellers may sell their
6 | products in the Amazon Store.  (5/30/23 Calvert Decl. (Dkt. # 66) ¶ 5 (including a
7 | screenshot showing that the BSA is available for review in the Seller Agreement page of
8 | the seller registration process).)  If the seller does not confirm that it agrees to the terms
9 | of the BSA, it cannot proceed with the seller registration process and cannot open a
10 | selling account.  (*Id.*)  Defendants admit that they entered into the BSA when they
11 | registered the DealsSml and ShippedFastSales selling accounts in 2013 and 2014.  (*See*
12 | Compl. ¶ 19; Ans. ¶ 19 (admitting allegations that Defendants entered into the BSA);
13 | Compl. ¶¶ 40-41; Ans. ¶¶ 40-41 (admitting Defendants registered the selling accounts in
14 | 2013 and 2014).)
15 |   Amazon periodically updates the BSA and notifies sellers when it does so.
16 | (5/30/23 Calvert Decl. ¶ 9.)  The version of the BSA that was in effect when the events at
17 | issue in this matter took place was issued on September 1, 2021.  (*Id.* ¶ 10, Ex. C ("9/1/21
18 | BSA"); *see* Compl. ¶ 43; *id.*, Ex. B; Ans. ¶ 43 (admitting allegation that Defendants
19 | entered into the September 1, 2021 BSA).)  The September 1, 2021 BSA includes
20 | specific terms and policies that apply for each country for which the seller elects to use
21 | Amazon's services (the "Elected Country").  (*Id.*)  The DealsSml selling account and the
22 |

ORDER - 3

ShippedFastSales selling account both selected the United States as their Elected Country. (5/30/23 Calvert Decl. ¶ 6.)

Relevant to the instant motion, the BSA provides:

> If the Elected Country is the United States, Canada, or Mexico, **Amazon and you both consent that any dispute with Amazon or its Affiliates or claim relating in any way to this Agreement or your use of the Services will be resolved by binding arbitration as described in this paragraph, rather than in court**, except that . . . (iii) we may bring any claims related to your sale of counterfeit products on the Amazon Site in the Governing Courts and seek any remedy available under law related to those claims.

(9/1/21 BSA at 10, ¶ 18 (emphasis in original).[3])

> "**Amazon Site**" means, as applicable, the CA Amazon Site, the MX Amazon Site, or the US Amazon Site.

(*Id.* at 13 (emphasis in original).)

> "**Governing Courts**" means the applicable one of the following:
> - The state or Federal court in King County, Washington (if the Elected Country is Canada, Mexico, or the United States),
>
> "**Governing Laws**" means the applicable one of the following:
> - The laws of the State of Washington, United States, together with the Federal Arbitration Act and other applicable federal law (if the Elected Country is Canada, Mexico, or the United States)[.]

(*Id.* at 14 (emphasis in original).)

Both selling accounts were enrolled in the Fulfillment by Amazon ("FBA") program, which is also governed by the BSA, and which allows sellers to ship inventory to Amazon for storage in Amazon's fulfillment centers. (5/30/23 Calvert Decl. ¶ 11.)

---

[3] The court cites the page numbers at the bottom left of the exhibit when referring to the September 1, 2021 BSA.

According to Amazon's records, Defendants shipped at least 755 units of Tylenol Extra Strength 50 pouches of 2 caplets each to consumers in Washington. (*Id.* ¶ 13.)

On May 1, 2023, Defendants filed the instant motion, in which they ask the court either to (1) dismiss this case under Federal Rule of Civil Procedure 12(b)(3) for improper venue or (2) transfer this case to the United States District Court for the Eastern District of New York under 28 U.S.C. § 1404. (*See generally* Mot.) They also request attorney's fees pursuant to RCW 4.28.185(5), which authorizes an award of reasonable attorney's fees where a defendant who was personally served outside of Washington State prevails in certain types of actions. (*Id.* at 15.) Plaintiffs filed a timely response, and Defendants filed a timely reply. (Resp.; Reply; *see* 5/11/23 Order (Dkt. # 63) (granting the parties' stipulated motion to set a briefing schedule on this motion).) Defendants' motion is now ripe for decision.

### III.    ANALYSIS

Defendants argue that this case should be either dismissed outright or transferred to the Eastern District of New York because venue is improper in this District under 28 U.S.C. § 1391. (*See* Mot. at 3-15.) Specifically, they assert that Plaintiffs cannot meet their burden to show that venue in Washington is proper because Sumeet, Mr. Pawa, and Mr. Singh are all residents of New York who have little or no contacts with Washington and because the events giving rise to Plaintiffs' claims occurred in the Eastern District of New York. (*Id.* at 6-10; *see also* Singh Decl. (Dkt. # 59) ¶¶ 5-10 (detailing Defendants' contacts with New York and lack of contacts with Washington); Compl. ¶¶ 48-60 (describing Defendants' shipments of alleged counterfeit products from Defendants'

warehouse in Deer Park, New York).)  Defendants further assert that, even if venue were proper in Washington, transfer to the Eastern District of New York is warranted in the interest of justice and the convenience of the parties and witnesses under 28 U.S.C. § 1404(a).  Plaintiffs counter that venue is appropriate in this District, and Defendants' motion must be denied, because Defendants agreed that this dispute would be governed by the forum-selection clause in the BSA.  (*See generally* Resp.)  For the reasons set forth below, the court agrees with Plaintiffs.

"Forum selection clauses are valid except in the rarest cases."  *In re Becker*, 993 F.3d 731, 732 (9th Cir. 2021) (citing *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 62 (2013)).  Because a forum-selection clause "represents the parties' agreement as to the most proper forum," "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system."  *Atl. Marine*, 571 U.S. at 63.  Thus, "[o]nly under extraordinary circumstances unrelated to the convenience of the parties" should a request to enforce a forum-selection clause be denied.  *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018) (quoting *Atl. Marine*, 571 U.S. at 62).  A forum-selection clause is controlling unless the party opposing the forum-selection clause makes a "strong showing that:  (1) the clause is invalid due to 'fraud or overreaching,' (2) 'enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision,' or (3) 'trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for

all practical purposes be deprived of his day in court.'" *Id.* (emphasis omitted) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).

The BSA's forum-selection clause provides that, where the seller's Elected Country is the United States, venue lies in the federal courts in King County, Washington for claims "related to [the] sale of counterfeit products on the Amazon site." (9/1/21 BSA at 10, ¶ 18; *id.* at 13-14.) The court has little difficulty concluding that venue is proper in this District because (1) Defendants admit that they entered into the BSA; (2) Defendants selected the United States as the Elected Country for their selling accounts; and (3) all of Plaintiffs' claims arise from Defendants' alleged sale, through their Amazon selling accounts, of counterfeit Tylenol packaging. (*See* Ans. ¶¶ 19, 43 (admitting Defendants entered into the BSA); 5/30/23 Calvert Decl. ¶ 6 (stating that the Elected Country for Defendants' selling accounts is the United States); *see generally* Compl. (describing Defendants' alleged sales of counterfeit products).) As a result, unless Defendants can make the requisite "strong showing" that one of the three exceptions to enforcement of the forum-selection clause applies, Defendants are subject to suit in this District. *Sun*, 901 F.3d at 1088 (citing *M/S Bremen*, 407 U.S. at 15).

Defendants do not address the exceptions to enforcement of a forum-selection clause in their motion. (*See generally* Mot.) In their reply, they focus again on the arguments they made in their motion that venue in Washington is improper because Defendants reside and operate in New York and deny that they engaged in any wrongdoing. (*See generally* Reply.) To the extent they do address the exceptions, they do so only fleetingly, and their arguments are not persuasive.

First, although Defendants concede that forum-selection clauses are "prima facie valid, even if part of a standard-form, nonnegotiable consumer contract," they argue that the forum-selection clause "is not binding on a third party who did not agree to the contract in which the clause is found." (Reply at 3-4 (citing Washington cases).) Thus, according to Defendants, Mr. Singh and Mr. Pawa cannot be sued in Washington because they did not agree to be bound by the BSA. (*Id.*) Mr. Singh, however, admitted in his declaration that he and Mr. Pawa entered into the BSA. (Singh Decl. ¶ 10.) In any event, the Ninth Circuit has recognized that a forum-selection clause applies to all defendants, even those who did not sign the contract, "where the alleged conduct of the non-parties is closely related to the contractual relationship." *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 456 (9th Cir. 2007) (citing *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988)). Here, Defendants admitted in their answer that Mr. Singh and Mr. Pawa controlled the DealsSml and ShippedFastSales selling accounts. (Compl. ¶¶ 13-14; Ans. ¶¶ 13-14.) Thus, because their alleged conduct is closely related to the contractual relationship between Amazon and the selling accounts, Mr. Singh and Mr. Pawa are bound by the BSA and its forum-selection clause.[4]

//

//

---

[4] Defendants argue for the first time in their reply that venue is also improper as to Okpar Singh. However, "[n]ew arguments may not be introduced in a reply brief," *United States v. Puerta*, 982 F.2d 1297, 1300 n.1 (9th Cir. 1992), and a court "need not consider arguments raised for the first time in a reply brief," *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). *See also Bridgham-Morrison v. Nat'l Gen. Assembly Co.*, C15-0927RAJ, 2015 WL 12712762, at *2 (W.D. Wash. Nov. 16, 2015) ("For obvious reasons, new arguments and evidence presented for the first time on Reply . . . are generally waived or ignored.").

Second, Defendants assert that enforcement of the forum-selection clause would contravene a strong public policy of Washington. (Reply at 4-5.) They do not, however, identify any public policy that would be thwarted if this action proceeds in this District. (*See id.*) Although they state that this District is currently "flooded" with counterfeit enforcement actions filed by Amazon, they concede that "[t]his may or may not qualify as a strong public policy." (*Id.* at 4 (citing W.D. Wash. General Order 03-23 (regarding this District's plan for handling pre-service discovery in such actions).) The court concludes that Defendants have not made the "strong showing" that litigating the case in the parties' agreed venue would contravene a "strong public policy" necessary to avoid enforcement of the forum-selection clause. *Sun*, 901 F.3d at 1088 (quoting *M/S Bremen*, 407 U.S. at 15).

Finally, Defendants argue that enforcement of the forum-selection clause would "effectively deprive[] [them] of their day in Court." (Reply at 5.) They assert that they "simply cannot make arrangements to travel across the country, and similarly demand that other witnesses do so as well," because they and their witnesses are located in New York.[5] (*Id.*) This bare assertion, however, does not satisfy the "strong showing" required to overcome the BSA's forum-selection clause. *M/S Bremen*, 407 U.S. at 15; *see also*

---

[5] Defendants also complain that Plaintiffs "have rejected a stipulation to Zoom appearances for the duration of this case, which was the precipitating event leading to this motion." (*Id.*) Although Plaintiffs may be unwilling to enter into a stipulation regarding Zoom appearances, the court is nevertheless empowered to order that hearings take place over Zoom where there is good cause for doing so. *See* Fed. R. Civ. P. 43(a) ("For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.").

*Atl. Marine*, 571 U.S. at 62 (stating that enforcement of a forum-selection clause should be denied "[o]nly under extraordinary circumstances unrelated to the convenience of the parties").

In sum, the court concludes that Defendants have agreed to be bound by a forum-selection clause that sets venue in this District and have not demonstrated "extraordinary circumstances" that would overcome enforcement of that clause. Accordingly, the court DENIES Defendants' motion to dismiss or transfer venue and DENIES their request for attorneys' fees under RCW 4.28.185(5).

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES Defendants' motion to dismiss or transfer venue (Dkt. # 58).

Dated this 16th day of June, 2023.

JAMES L. ROBART
United States District Judge